MILLER *v.* SHARP *et al.*

*(Circuit Court, N. D. Iowa, E. D.* January 9, 1889.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

A lessee is interested in the controversy in a suit to set aside his lessor's title to the leased premises as fraudulent, and to quiet title in complainant; and when he, being a resident of the same state as complainant, is made a party defendant, though the lessor is a resident of another state, the controversy is not wholly between citizens of different states, and is not removable.

In Equity. On motion to remand.

Bill by Andrew Miller against John C. Sharp and others to set aside a conveyance of realty, and to quiet title.

*Blair, Norris & Dunham,* for complainant.

*Fouke & Lyon,* for defendants.

SHIRAS, J. This suit was brought in the district court of Delaware county, Iowa, and in the bill herein filed the complainant avers that the defendant John C. Sharp, through fraud, procured the conveyance by complainant to Sharp of certain realty, situated in Delaware county; that thereupon Sharp and wife conveyed the same to John Utter by a quit-claim deed, knowledge of the alleged fraud being charged upon Utter, and that C. B. Eaton is in possession of the premises as a tenant of said Sharp. The prayer is that the conveyances to Sharp, and from Sharp to Utter, be declared fraudulent and void; that complainant be decreed to be the owner of the realty in fee-simple; that the lease to Eaton be declared void, and that complainant's title be quieted as against all the defendants. The defendants Sharp and Utter filed a petition for the removal of the cause into the federal court, averring therein that the complainant is a citizen of the state of Iowa; that the defendants Sharp and Utter are citizens of the state of Wisconsin; and that C. B. Eaton is a citizen of the state of Iowa; that he is merely a nominal party; and that there is a separable controversy in the suit, to which Eaton was not a proper or necessary party. The transcript of the record having been filed in this court, the complainant now moves for an order remanding the cause, on the ground that the complainant, Miller, and the defendant Eaton are shown upon the face of the record to be citizens of the same state.

To sustain the jurisdiction of this court it is urged that there is in the suit a controversy which is wholly between the complainant and the defendants Sharp and Utter, and therefore the cause is removable under the provisions of section 2 of the act of August 13, 1888. The contention is that the question of the fraud which is alleged to have been practiced by Sharp upon complainant, and by which the latter was induced to convey the realty in question to Sharp, constitutes a separate controversy, which is wholly between the parties named. In one sense this is true, in that, according to the allegations of the bill, Sharp alone made the fraudulent representations which formed the inducement for the conveyance of the property; and therefore it may be said that as to the fraud

in the original transfer the issue is wholly between the complainant and the defendant Sharp. This issue, however, does not constitute the whole of the controversy, nor can it be properly said to be separable from the other issues in the cause. Viewed with relation to the complainant, the cause of action is the alleged fact that he has been fraudulently deprived of his property, and the relief sought is a decree setting aside the conveyance procured by fraud, and an adjudication that he is the owner of the property, and entitled thereto. Viewed with relation to the defendants, the cause of action is the procuring by Sharp of the conveyance of the realty through false and fraudulent representations, and the participation by the defendant Utter in such fraud by taking a quitclaim deed thereto with knowledge of the fraud, and without paying a consideration therefor, and a participation in such alleged fraud by the defendant Eaton, in that it is averred that he is a pretended tenant of said Sharp, and holds possession of the property as a tenant of said Sharp; the relief sought being a decree declaring void the deed from complainant to Sharp, the deed from Sharp to Utter, and the lease from Sharp to Eaton. According to the allegations of the bill, all the right and title which Eaton has in and to the premises are as a tenant holding under Sharp, and he therefore has a direct interest in the question of the validity of the conveyance to Sharp. The right of complainant to attack the leasehold interest and possession of Eaton is primarily dependent upon the question of the validity or invalidity of the deed to Sharp, and conversely the right of Eaton to hold possession of the premises as a tenant of Sharp is primarily dependent upon the validity of Sharp's title under the conveyance from complainant. While it may be true, as suggested, that further issues may arise in the cause between complainant and the defendant Eaton, these would constitute a controversy between citizens of the same state, and could not therefore be made the foundation for the removal of the cause into the federal court. The jurisdiction of this court depends upon the question whether Eaton is interested in the controversy touching the validity of the conveyance from complainant to Sharp, and is properly made a party thereto; for if such interest exists, then such controversy is not wholly between citizens of different states. As this controversy directly involves the validity of the conveyance which is the source of Eaton's rights in the premises, he is certainly interested therein, and the complainant had the right to make him a party defendant to the proceeding in order that the entire controversy might be settled in the one suit. In fact there is but one controversy presented by the allegations of the bill, to-wit: Has the complainant been deprived of his property by such fraudulent means as that a court of equity will set aside the conveyance executed by complainant, and the other conveyances based thereon, and quiet the title in the complainant? In this controversy all the defendants have an interest, and are properly made parties thereto. If this court should retain the cause, and upon the hearing upon the merits should adjudge the conveyance from complainant to Sharp to be void for fraud practiced upon complainant, such adjudication would be binding upon the defendant Eaton, not only in the further progress of the present suit, but in any other pro-

ceedings that might be hereafter brought to enforce complainant's rights; and this for the reason that, being a party to this suit, he not only has the right to be heard upon the question of the validity of the deed to Sharp, the same being the foundation of his own right as tenant, but he is now called upon once for all to defend the source of his rights against the attack made thereon. He must now meet this attack, or be forever barred; and it is clear, therefore, that he has an interest in the controversy touching the validity of the deed from complainant to Sharp. This being so, it cannot be said that there is a controversy in the cause wholly between citizens of different states within the meaning of the statute; but, on the contrary, it appears that there is but one controversy; and in that Eaton has an interest adverse to complainant. Both being citizens of the state of Iowa, this court cannot take jurisdiction, and the motion to remand must therefore be granted, at cost of defendants Sharp and Utter.